MADDOX, Justice
(dissenting).
The real question presented here is whether there is a statutory procedure for a city to re-establish an independent school system when it has previously formed an independent school and then abolished it through consolidation with the county school system. There is no statutory scheme for a city to re-establish a city school system once that system has been abolished by merger. I believe the majority’s reliance upon Code 1975, §§ 16-11-1 and 16-11-2 as the authority to re-establish a city system that has been merged is completely misplaced. Those sections apply only when a city elects to establish a separate school system, not to re-establish one that has been merged.
As I view the law, the legislature has provided in Code 1975, § 16-8-17, the mechanism for abolishing a school system, and the particulars of that mechanism convince me that a city cannot opt in and out of a county system at will.
Code 1975, § 16-8-17, provides as follows:
“Whenever a county board of education and the city board or boards of education in the county shall deem it advisable to consolidate the administration of their respective systems under the county board of education and shall reach an agreement to that effect through resolutions adopted by and recorded in the minutes of each board, which agreement shall provide for the payment of their respective indebtedness, said consolidation shall be made to become effective at the time designated in the resolutions providing for such consolidation; provided, that, if within 30 days after the adoption of said resolutions 25 percent of the qualified electors of the territory covered by either of the school systems concerned shall submit a protest in writing, the consolidation procedure shall be as follows: ... [The procedure for holding a referendum is then set out.]
“WHO MAY VOTE; RESULT OF ELECTION. — All qualified electors residing in the territories concerned shall have the right to vote and, if a majority of the qualified electors voting in the combined territories concerned shall vote in favor of the consolidation, the city board or boards of education shall stand abolished and thereafter the schools of the county and the schools of the city or cities involved shall be administered by the county board of education ..
“(b) The consolidation shall not operate to relieve any board of education, or other governing body, of liability for obligations previously incurred, or to impair rights existing prior to the consolidation. On the contrary, the agreement as to indebtedness shall be binding on both the county board of education and the board or boards of education of the city or cities whose school systems are consolidated; provided, that in the event of a *1131 consolidation, the county board of education shall have the right to compel the execution of contractual obligations made to either of the boards prior to consolidation. (School Code 1927, §§ 108-113; Acts 1935, No. 507, p. 1090, T. 52, § 82.”
The legislature specifically provided that an action to consolidate would be final, because a referendum was required and in § 16-8-17(a)(6) specifically stated that if a majority of the qualified electors vote for consolidation then "... the city board or boards of education shall stand abolished and thereafter the schools of the county and the city or cities involved shall be administered by the county board of education.” How much more emphatic could the legislature have been when it used the words “abolished” and “thereafter”? The effect of the majority’s holding is that the words “abolish” and “thereafter” do not prevent a re-establishment of a city system which has been consolidated.
The construction I make of our law is consistent with the construction made by courts in at least two other states:
In Connor v. Spellacy, 122 Conn. 36, 186 A. 648 (1936), the City of Hartford agreed to exercise its statutory right to consolidate the existing school districts into a consolidated school district effective July 1, 1934. Less than two years later, the City of Hartford wished to re-establish a school district in the city. The plaintiffs, citizens of Hartford, petitioned the court to declare that they had the right to re-establish the school districts as they existed prior to the consolidation. Defendants demurred to the complaint on the grounds that there was no statute authorizing the city to re-establish school districts following consolidation. The trial court sustained the demurrer, concluding the plaintiffs had not stated a cause of action since there was no statute granting cities the right to re-establish school districts. On appeal, the highest court in Connecticut noted that the intention to withdraw and terminate the city’s power to re-establish the districts after consolidation was plainly evidenced by the omission of an enabling provision to that effect. In Durgin v. Brown, 37 N.J. 189, 180 A.2d 136 (1962), the Borough of West-wood and Washington Township formed a consolidated school district. Some years later, Westwood became discontented with the consolidation because of the associated tax burden. The electorate in the school district voted in a referendum to build a high school outside of Westwood. The city governing officials of Westwood chose to deconsolidate the school district rather than support the referendum. However, the New Jersey Supreme Court said that there was no statutory authority for the city to deconsolidate the school district and ruled the city must obey the prior decision to consolidate.
I believe the majority has erred in applying the law; therefore, I must respectfully dissent.
ALMON, BEATTY and ADAMS, JJ., concur.